# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| | *    **Case No. 18-po-2388** |
| **v.** | * |
| | * |
| | * |
| **VALERY C. NGAH,** | * |
| | * |
| | * |
| **Defendant** | * |

\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's Motion for a New Trial under Fed. R. Crim. P. 33 (ECF No. 17) after Defendant pleaded guilty to driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23(a)(1), and to refusing to take a chemical test, in violation of 36 C.F.R. § 4.23(c) (ECF No. 16). "A defendant who enters a guilty plea cannot thereafter use Rule 33 as a wedge to undo his acknowledgement that he committed the offense," however. *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995); *see United States v. Strom*, 611 F. App'x 148, 149 (4th Cir. 2015) (per curiam). Rule 33 "applies only to cases in which a *trial*, either to the court or to a jury, has taken place." *United States v. Lambert*, 603 F.2d 808, 809 (10th Cir. 1979). Because "the validity of a guilty plea cannot be questioned by way of a motion for new trial," *id.*, Defendant's Motion for a New Trial under Fed. R. Crim. P. 33 (ECF No. 17) is **DENIED**.

Date: August 21, 2018                                                              /s/
                                                                                               Thomas M. DiGirolamo
                                                                                               United States Magistrate Judge